TYRONE T. TAYLOR
P.O. BOX 4702
HAYWARD, CALIFORNIA, 94540
taylortyrone351@gmail.com
**IN PRO SE**

*FILED*

*JAN 2 8 2014*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF COURT*
*OAKLAND OF CALIFORNIA*

UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT
OAKLAND DIVISION

|  |  |  |
|---|---|---|
| TYRONE T. TAYLOR, | ) | **C14-0411**    ME |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| Vs: | ) | |
| GOLDEN GATE FIELDS | ) | **CIVIL ACTION #** |
| | ) | |
| **Mike Rogers,** President, Racing | ) | |
| Division, The Stronach Group | ) | |
| | ) | |
| The Stronach Group | ) | |
| | ) | |
| California Horse Racing Board | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| DOE RACING ASSOCIATIONS 1 THRU | ) | |
| 50,INCLUSIVE , | ) | |
| DEFENDANTS | ) | |
| | ) | |
| —————————————————————— | ) | |

## COMPLAINT

A.  Plaintiff Tyrone T. Taylor, a 43 year Patron of Golden Gate
Field, hereby sues DEFENDANT GOLDEN GATE FIELDS, a Public

1    Horse Racing Facility, under the Authority and Licensing of

2    the State of California, a Racing Property owned by

3    Defendant "The Stronach Group, and Licensed and Under the

4    Direct Racing Authority of the California Horse Racing

5    Board, the Racing Administrative Division of the State of

6    California, bring this action on his behalf and on upon

7    class action certification, on behalf of a similarly

8    situated Disgruntled Racing Patrons who have to attend

9    Golden Gates Fields Race Track, a Public Horse Racing

10    Facility licensed Horse Racing Facility, Authorized and

11    Licensed by the State of California ;

12  B. As such it is the only Horse Racing Facility in the

13    immediate Bay Area for those Patrons living within a 15

14    miles radius of Golden Gate Fields, the only authorized

15    Licensed Horse Racing Facility, under the Direct Authority

16    of Defendant California Horse Racing Board, and Defendant

17    The Stronach Group,

18  C. Plaintiff TYRONE T. TAYLOR hereby sues, Mike Rogers,

19    President of Racing Division of The Stronach Group; The

20    California Horse Racing Board, The Stronach Group,

21    (collective "Defendants), in their personal and official

22    capacities, for Allowing Golden Gate Fields, Security

23    Department to Violate Plaintiff's and other Disgruntled

24    Present and Former Racing Patrons constitutional rights,

25    plaintiff's reasonable expectation of free speech and

2

COMPLAINT FOR DAMAGES AND INJUNCTIVE DECLARATORY RELIEF

1    association, right to be free of unreasonable Verbal,

2    Psychological and Power of Authority Harassment by

3    Personnel of the Golden Gate Fields, Security Department,

4    as well as certain common law claims, for directly and

5    proximately causing Plaintiff and similarly situated Racing

6    Patrons, mental, and physical pain, and emotional and

7    psychological Fear of Retaliation should they exercise and

8    verbally voice their rights to express objections and

9    behavior of Golden Gate Fields Staff, Tote personnel, and

10    Security Personnel to unreasonable treatment, being talked

11    down to, talked to in a mean degrading, defamatory manner

12    and demeanor, and then subject to the embarrassing,

13    demeaning, and humiliating illegal, unlawful and

14    unconstitutional actions and manner of ejection, expelling,

15    abusive verbal, and psychological harassment and

16    intimidation by Golden Gate Fields Security Department, and

17    emotional and psychological suffering and harm of being

18    publicly humiliated, intimidated, verbally abused by Golden

19    Gate Fields Security Officers as a result of the below

20    illegal and criminal acts.

21    Plaintiff and members of the Class plead below as follows:

22    **INTRODUCTION:**

23    1. Plaintiff TYRONE T. TAYLOR bring this action on behalf of

24        himself and all similarly situated Racing Patron

25        Consumers, and U.S. citizens who are Racing Patrons and

3

COMPLAINT FOR DAMANGES AND INJUNCTIVE DECLARATORY RELIEF

1   otherwise avail themselves to the Horse Racing Events
2   Presented in the Bay Area under the Authority and
3   Licensing of the State of California, Horse Racing Board;

4   2. This is an action for monetary, declaratory, equitable,
5   and injunctive relief as a result of the State of
6   California , Horse Racing Board allowing of illegal, and
7   unconstitutional use of verbal abuse, harassing and
8   intimidating actions and behavior of psychological powers
9   of authority, causing patrons to be fearful of ejection,
10  publicly humiliated, embarrassed, intimidated in being
11  thrown out for objecting to degrading words and actions
12  of Golden Gate Fields Supporting Staff and/or personnel
13  of the Golden Gate Fields Security Department;

14  3. Such actions of Defendants Entire Staff treatment of
15  Racing Patrons exercising their non-violent
16  Constitutional Free Speech rights, directly violate the
17  U.S. Constitution and also federal laws, including, but
18  not limited to the outrageous infliction of
19  psychological, and power authority of Fear of being
20  ejected, expelled, publicly embarrassed and humiliated,
21  and permanently barred from participating as Betting
22  Racing Patrons, freedom of speech, freedom of association
23  and the due process rights of American citizens when it
24  comes to the expelling of that patron from the only
25  Racing and Betting Facility within a radius of 15 miles

4

COMPLAINT FOR DAMANGES AND INJUNCTIVE DECLARATORY RELIEF

1　　　in the outlining areas of Oakland and Berkeley

2　　　California; Plaintiff and member of the Class are suing

3　　　for damages, declaratory, equitable, and injunctive

4　　　relief to stop these types of conduct by their in house

5　　　Security Personnel, and hold each defendant, including

6　　　and not limited to the California Horse Racing Board, the

7　　　Stronach Group, individually and correctly, responsible

8　　　for their illegal willing collaboration in Golden Gate

9　　　Fields Security Department in the Expelling of non

10　　Violent and complying Disgruntled Patrons, which such

11　　unconstitutional polici9es has violated the law and

12　　damaged the fundamental freedoms of participating

13　　California and American participating Racing Patrons and

14　　Citizens.

15　　**THE PARTIES**

16　4.　**Plaintiff Tyrone T. Taylor** is an individual and a Horse

17　　　Racing Patron, and a 43 year attendant of the Daily

18　　　Racing Programs of Golden Gate Fields;

19　5.　Golden Gate Fields, a Racing Facility owned by Defendant

20　　　"The Stronach Group" is the only Racing Facility within a

21　　　15 mile radius of Oakland and Berkeley California, under

22　　　the Authority and Licensing of the State of California,

23　　　Horse Racing Board;

24　6.　The Stronach Group, owns Golden Gate Fields, and

25　　　sanctions and willingly approves and collaborates by
　　　　　　　　　　　　　　　5

COMPLAINT FOR DAMANGES AND INJUNCTIVE DECLARATORY RELIEF

1    sanctions such unconstitutional practices, actions and

2    policies of the Golden Gate Fields Security Department;

3

4    7.   Defendant California Horse Racing Board, authorizes, and

5         licenses Golden Gate Fields to operate as a California

6         State Licensed Racing Facilities, and Golden Gates Fields

7         operating under the authority and licensing of the State

8         of California as a Public Racing Facility, approves of

9         such unconstitutional actions, policies and conduct of

10        the Golden Gate Fields Security Department, in the

11        Expelling and permanent barring of non violent and

12        complying disgruntled racing patrons who exercise their

13        Constitutional Free Speech Rights;

14                   **JURISDICTION AND VENUE:**

15   8.   This Court has subject matter jurisdiction over this case

16        pursuant to 28 U.S.C. 1331 (Federal Question

17        Jurisdiction);

18   9.   Jurisdiction and venue are proper pursuant to 28 U.S.C.

19        Section 1331, which states in pertinent part "(t) the

20        district courts shall have original jurisdiction of all

21        civil actions arising under the Constitution, laws or

22        treaties of the United States." At issue here is the

23        unconstitutional violation of Plaintiff's right and

24        protection from unreasonable verbal, psychological,

25        powers of authority and intimidating harassment by both

                                    6

COMPLAINT FOR DAMAGES AND INJUNCTIVE DECLARATORY RELIEF

1    Governmental and Private Officers, under the First,

2    Fourth, and Fifth Amendments, to the U.S. Constitution;

3

4  10.  Supplemental jurisdiction is also proper under 28 U.S.C.

5       Section 1367, which states in pertinent part"…in any

6       civil action of which the district courts have original

7       jurisdiction, the district courts have supplemental

8       jurisdiction over all other claims that are so related to

9       claims in the action within such original jurisdiction

10      that they form part of the case or controversy under

11      Article III of the U.S. Constitution;

12 11.  Plaintiff TYRONE T. TAYLOR is informed and believe and

13      thereon allege that, based on the places of business of

14      Defendant "The Stronach Group" and/or the national reach

15      of this defendant, a substantial part of the events

16      giving rise to the Claims herein alleged in this district

17      and that Defendants and/or agents of Defendant "The

18      Stronach Group" may be found in this and all other

19      districts wherein their Horse Racing Properties operating

20      permit the same policies as practiced by Defendant Golden

21      Gate Fields.  In addition, Defendants actions caused

22      injury to not only non-violent, complying Disgruntled in

23      this district by in every district this defendant owns

24      and operates Racing Facilities, which they engaged in

25      international Horse Racing.
                                7

COMPLAINT FOR DAMANGES AND INJUNCTIVE DECLARATORY RELIEF

1

## NATURE OF ACTION AND JURISDICTION

2   12. This a civil action under 42 U.S.C § 1983 seeking damages
3       and injunctive relief against Defendants for committing
4       acts, under color of law, with the intent and for the
5       purpose of depriving Plaintiff of rights secured under
6       the Constitution and laws of the United States;
7       retaliating against Plaintiff for his exercise of
8       constitutionally protected speech; and for refusing or
9       neglecting to prevent such deprivations and denials to
10      Plaintiff;

11  13. This case arises under the United States Constitution and
12      42 U.S.C. Sections 1983 and 1988, as amended. This Court
13      has jurisdiction in this matter pursuant to 28 U.S.C.
14      Sections 1331 and 1343. The declaratory and injunctive
15      relief sought is authorized by 28 U.S.C. Sections 2201
16      and 2202, 42 U.S.C. Section 1983 and Rule 57 of the
17      Federal Rules of Civil Procedure.

18  14. Plaintiff TYRONE T. TAYLOR brings this action resulting
19      from damages incurred due to his unlawful Expelling from
20      The Golden Gate Fields Facility on or about Saturday,
21      December 28, 2013. Plaintiff TYRONE T. TAYLOR was
22      wrongfully expelled as a Racing in violation of his
23      federal constitutional rights to free speech.

24  15. This Court is an appropriate venue for this cause of
25      action pursuant to 28 U.S.C. 1391(b) (1) and (b) (2). The

8

COMPLAINT FOR DAMAGES AND INJUNCTIVE DECLARATORY RELIEF

1  actions complained of took place in this judicial
2  district; evidence and admission records relevant to the
3  allegations are maintained in this judicial district;
4  Tyrone T. Taylor would be a Golden Gate Fields Rewards
5  Member in this judicial district but for the unlawful
6  actions and practices of the Defendants; present and
7  regularly conduct Golden Gate Fields Security Department
8  policies, actions and retaliatory actions against any and
9  all non-violent, complying disgruntled Racing Patron in
10  this judicial district and all other judicial districts
11  in which "The Stronach Group, owns and operates Public
12  Racing and Betting Facilities.

## STATEMENTS OF FACTS:

16. On Saturday, December 28,2014, I was in line as the other
    30-40 patrons were also, waiting for 10am Gate opening
    to enter the facility for Saturday, December 28,2014
    Racing Program;

17. I had my addition Fee in hand and was prepared to pay for
    the admission ,when a person directly in front of my said
    "Please allow me to take care of your admission today,
    here use one of my Trainer's Card to get in and please
    return it to me once you enter;

18. My Always paying to get in, did as I always do, I reached
    for a program that was always included as part of my
    admission, and upon reaching for the program, I was told
    by the Gate Person, to give the program back, because I

9

COMPLAINT FOR DAMAGES AND INJUNCTIVE DECLARATORY RELIEF

wasn't entitled to a program because a used one of the Trainer's Guest Credentials;

19. I immediately informed the ENTRY Gate Person, I had no idea that I wasn't entitled to a Free program as I have never been given a Trainer's Guest Credentials to get in, and I was entitled to be treated with courtesy and that I was improperly Loudly needlessly publicly embarrassed by this gate persons loud admonishment to me;

20. Instead the Gate Personnel person went thru and got louder and stated **"You Don't Pay Nothing, You don't get nothing".** After being a Golden Gate Fields Patron for over 43 years, I was not entitled to this embarrassing, slanderous demeaning, insulting and degrading remark **"You don't pay nothing, you do get nothing!"**

21. I immediately expressed my constitutional Free Speech Right by saying "I deserve to be treated with courtesy and respect, and I don't deserve to be treated as if I'm some ignorant Nigga!" I went on further to say "I'm tired just little many other patrons , being talked down to , disrespected and looked at in a contemptible low class meaner, as if we are some "ignorant Nigga' and I'm tired of you and others consistently talking down to us as if we "are Ignorant Nigga's." I further stated, "I know what it feels like to be talked to and treated like an "ignorant nigga", and even paying cash, we have no respect or creditable when it comes to White Golden Gate personnel and Tote Tellers, we are always treated and talked down to and treated with contempt. I further informed the officers I'm not swearing at you, and I don't appreciate your swearing at me and disrespecting me.

10

COMPLAINT FOR DAMAGES AND INJUNCTIVE DECLARATORY RELIEF

22. I came back and asked this Gate Person, if Calvin was in as I wanted to file a complaint about her degrading, demeaning, insulting, and embarrassing comment **"You don't pay nothing, you don't get nothing!"** She then stated, **"Calvin couldn't care less about your complaint, you'd do better filing out a complaint form with Julie."** I then said "I'm not going to allow this matter go unreported, I am not just one of many "ignorant Niggas, you all can talk down to" I then left and went into the Horse Wizard Room.

23. Approximately 15 minutes later, approximately 4 Security Officers, came running into the Room and immediately in an aggressively and in an intimating mean demeanor, closely approached me as if the next step was they were going to brutally beat me. I attempted to give my side of what happen, in a respectful, non-violent complying demeanor, only to be told by the officers "they didn't give a shit about my side of the Story, those are women and you don't talk to our women that way. The Tall and Short Officers then proceeded to talk abusive to me, even at times getting in my face and daring me to make a move. They continued to talk to me in a way that was not only disrespectful, contemptuous, but in a psychological abusive harassing and intimidating manner. The officers continued to tell me that I have no rights while I'm a guest at Golden Gate Field, and we aren't going to tolerate your continuing to talking Loud to us as you did with her", and when I told them, "all black people talk loud", they said not here at Golden Gate Fields", we're Expelling you, and don't give a shit about your side of the Story. "Get your shit, and get it now or we will forcefully put you out of here!" I complied and while

COMPLAINT FOR DAMAGES AND INJUNCTIVE DECLARATORY RELIEF

leaving, I asked for my $10 parking Fee back and I told I wasn't entitled to a refund, that's the price I must pay.

24. On December 31, 2013, plaintiff Tyrone T. Taylor a request for a meeting to resolve the alleged issues without the need of filing a complaint in regards to the issues on the face of this complaint or if the defendants preferred to wait and meet and mediate this issues after the conclusion of the discovery phase of the filing of a complaint. The mailings were to all of the Alleged Defendants herein asking that they respond by January 14, 2014 and in absence of any response, a non response would be assumed that of the defendants were not interested in a prior meeting before the filing of this complaint.

25. Plaintiff Tyrone T. Taylor pursuant to Rule 408 FRE, did in good faith and in an effort to resolve this matter administratively without the need of this filing, did submit to each of the Defendants the attached **UNIFIED OFFER TO COMPROMISE,** asking that this matter would be resolved administratively through mediation thru THE **AMERICIAN ARITRATION ASSOCIATION'S AAA MEDIATION UNIT** ,without the need of further protracted ligation and extensive DISCOVERY thru this Unified Offer to Compromise, in good faith to resolve the issues, to avoid protracted legal filing of this complaint, and the discovery ( Interrogatories upon each of the Defendants, the employees involved, production of Tangible relevant documents in their custody, the deposition of each of the Defendants and the employees involved including through records possessed by Defendants of all incident reports for the last 5 years, records of all disgruntled incident reports and lists of all patrons for the past 5 years, within the scope of Rule[1]26(c) of the F.R.E. relevant and

COMPLAINT FOR DAMAGES AND INJUNCTIVE DECLARATORY RELIEF

needed for the certification of this matter as a class action at each of the defendant The Stronach Groups six Racing Facilities, .(Attached as Plaintiff's Exhibit "B"

26. Plaintiff alleges that as of the date of the filing of this complaint, there has been no responses to either the plaintiff Tyrone T. Taylor's January 31,2014 Letter requesting a meeting to resolve the issues. (See attached EXHIBT "A" December 31, 2013 Letter requesting a Meeting to resolve the issues without the filing of this complaint.

## SUPPORTING CLASS ACTION ALLEGATIONS:

## (IN SUPPORT OF PLAINTIFF TYRONE T. TAYLOR REQUEST FOR THE CERTIFICATION OF THIS COMPLAINT TO CLASS ACTION STAUS):

27. Pursuant to Federal Rules of Civil Procedure, Rule 23(a) and Rule (b) Plaintiff plans to seek an attorney to represent a class consisting of all persons who have been unfairly ejected, expelled, psychologically harassed and intimidated by the Golden Gate Fields Security Department without at least a due process informal explaining of the negative circumstances.

28. Plaintiff TYRONE T. TAYLOR will fairly and adequately protect the interests of the class and has claims typical of the claims of all members of the class. Plaintiff TYRONE T. TAYLOR does not have interests that are antagonistic to or in conflict with those of the members of the class that plaintiff TYRONE T. TAYLOR seeks to represent.

29. The interests of the class are adequately represented by plaintiff and his counsel. Plaintiff TYRONE T. TAYLOR

13

COMPLAINT FOR DAMANGES AND INJUNCTIVE DECLARATORY RELIEF

1    will retain counsel competent and experienced in class
     and consumer litigation.

2

3    30.  This action seeks to enjoin the practices at issue and
4         provide for an equitable remedy for those caught in a
          similar situation in which they will be unfairly and
5         systematically ejected, expelled and barred from Golden
6         Gate Fields;

7    31.  This action is also maintainable as a class action
8         because the questions of law and fact common to the
          members of the class predominate over any questions
9         affecting only ;

10   32.  There is a well-defined community of interest in the
11        questions of law and fact involved in Federal Law, and
12        There is no plain, speedy, or adequate remedy other than
          by maintenance of this class action since plaintiff is
13        informed and believes that the damage to each plaintiff
14        Consequently, there would be a failure of justice but for
15        the maintenance of the present class action.

16   33.  The Prosecution of individual remedies by members of the
          plaintiff TYRONE T. TAYLOR class would tend to establish
17        inconsistent standards for the defendants and to result
18        in the impairment of class members' rights and the
19        disposition of their interests through actions to which
20        they were not parties.

21   34.  Plaintiff TYRONE T. TAYLOR has incurred and during the
          pendency of this action, will incur expenses for
22        attorney's fees and costs herein. Such attorney's fees
23        and costs are necessary for the prosecution of this
24        action and will result in a benefit to each of the
          members of the class.
25

14

COMPLAINT FOR DAMAGES AND INJUNCTIVE DECLARATORY RELIEF

35. Individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Specifically, all four of the criteria set forth in CR 23(b) (3) have been satisfied in this case. First, the members of the class have little, if any, interest in individually controlling the prosecution of separate actions. Second, plaintiff's counsel is not aware of any other litigation concerning the controversy already commenced by members of the class. Third, it is desirable to concentrate the litigation of these claims in this forum given the judicial resources likely to be expended in this matter and the relationship of defendant to the State of California. Fourth, few difficulties will likely be encountered in the management of the class action.

36. The Nationwide Class and Subclass seek certification of claims for declaratory relief, injunctive relief and damages pursuant to 18 U.S.C. §2707.

37. This action is brought as a class action and may be so maintained pursuant to the provisions of the Federal Rules of Civil Procedure, Rule 23. Plaintiff TYRONE T. TAYLOR reserves the right to modify the Nationwide Class and Subclass definitions and the class period based on the results of discovery.

38. **Numerosity of the Nationwide Class:** The National Class and the Subclass (collectively referred to below as the "Class") are so numerous that the individual joinder of all members, in this or any action is impracticable. The exact number or identification of Class members is presently unknown to Plaintiffs, but it is believed that the Class numbers over a 100 NON-VIOLENT, COMPLYING DISGRUNTLED RACING PATRON identity of Class members and

COMPLAINT FOR DAMANGES AND INJUNCTIVE DECLARATORY RELIEF

1    their addresses may be ascertained from Defendants'
2    records. Class members may be informed of the pendency of
     this action by a combination of direct mail and public
3    notice, or other means, including through records
4    possessed by Defendants of all incident reports for the
     last 5 years, records of all disgruntled incident reports
5    and lists of all patrons  for the past 5 years, within
6    the scope of Rule 26(c) of the F.R.E. relevant and needed
7    for the certification of this matter as a class action at
8    each of the defendant The Stronach Groups six Racing
     Facilities, .(Attached as Plaintiff's Exhibit "B")
9
10   39.  **Commonality:** There is a well-defined community of
          interest in the questions of law and fact involved
11        affecting the members of the Class. These common legal
12        and factual questions include:

13        a. Whether Defendants have unconstitutionally caused some
14   disgruntled former patrons to be arrested pertaining to Class
15   members in violation of 18 U.S.C. §2702(a) (3), or are currently
16   doing so;

17        b. Whether Plaintiff TYRONE T. TAYLOR and Class members
18   are entitled to recover compensatory, statutory and punitive
19   damages, whether as a result of Defendants' illegal conduct,
20   and/or otherwise;

21        C. Whether Plaintiff TYRONE T. TAYLOR and Class members
22   are entitled to declaratory, injunctive and/or equitable relief;
23   and

24
25                                16

1          D. Whether Plaintiff TYRONE T. TAYLOR and Class members
2  are entitled to an award of reasonable attorneys' fees, pre-
3  judgment interest, and costs of this suit.

4        40. **Adequacy:** Plaintiff TYRONE T. TAYLOR   will   be   an
5  adequate representative of the Class because their interests do
6  not conflict with the interests of the members of the Class he
7  seek to represent.

8

9        41. Plaintiff TYRONE T. TAYLOR intend to prosecute this
10  action vigorously. Plaintiff TYRONE T. TAYLOR will fairly and
11  adequately protect the interest of the members of the Class.

12        43. This suit may also be maintained as a class action
13  pursuant to Federal Rule of Civil Procedure 23(b)(2) because
14  Plaintiffs and the Class seek declaratory and injunctive relief,
15  and all of the above factors of numerosity, common questions of
16  fact and law, typicality and adequacy are present. Defendants
17  have acted on grounds generally applicable to Plaintiffs and the
18  Class as a whole, thereby making declaratory and/or injunctive
19  relief proper.

20        44. **Predominance and Superiority:** This suit may also be
21  maintained as a class action under Federal Rule of Civil
22  Procedure 23(b) (3) because questions of law and fact common to
23  the Class predominate over the questions affecting only
24  individual members of the Class and a class action is superior

25

1  to other available means for the fair and efficient adjudication
2  of this dispute. The damages suffered by each individual Class
3  Member, depending on the circumstances, may be relatively small
4  or modest, especially given the burden and expense of individual
5  prosecution of the complex and extensive litigation necessitated
6  by Defendants' conduct. Furthermore, it would be virtually
7  impossible for the Class members, on an individual basis, to
8  obtain effective redress for the wrongs done to them. Moreover,
9  even if Class members themselves could afford such individual
10  litigation, the court system could not. Individual litigation
11  presents a potential for inconsistent or contradictory
12  judgments. Individualized litigation increases the delay and
13  expenses to all parties and the court system presented by the
14  complex legal issues of the case. By contrast, the class action
15  device presents far fewer management difficulties and provides
16  the benefits of a single adjudication, economy of scale, and
17  comprehensive supervision by a single court.

18

19  **FIRST CLAIM FOR RELIEF**

20  45. Plaintiff Tyrone T. Taylor and the members of the Class
21  repeat and re-allege all of the previous allegations in
22  paragraphs 1 through 44 of this Complaint with the same
23  force and affect, as if fully set forth herein again at
24  length.

25

18

46. Plaintiff Tyrone T. Taylor and the members of the Class enjoy a liberty interest in their personal security and in being free from the Defendants' intrusion against his person. 47. Plaintiff Tyrone T. Taylor and the members of the Class enjoy a liberty of not being deprived of life without due process of law, as guaranteed by the Fifth Amendment to the U.S. Constitution.

48. Defendants CALFIORNIA HORSE RACING BOARD violated Plaintiffs' and the Class members' constitutional rights when they authorized broad and intrusive

Security Policies of Golden Gate Fields in expelling, ejecting, and barring of non-violent, complying disgruntled individuals, thereby giving the Racing Licensees and un monitored unreasonable and unlawful security unlimited authority of expelling patrons who do not agree with unlawful conduct of the staff of Golden Gate Fields'

49. By reason of the wrongful conduct of the Defendants, each and every one of them, jointly and severally, Plaintiff TYRONE T. TAYLOR and members of the Class suffered and continue to suffer from

Severe emotional distress and physical harm, pecuniary and economic damage, loss of services, and loss of society accordingly.

19

1    50. These violations are compensable under *Bivens v. VI*
2 *Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S.
3 388 (1971). As a direct and proximate result of the intentional
4 and willful actions of Defendants CALIFORNIA HORSE RACING BOARD
5 Plaintiff TYRONE T. TAYLOR and members of the Class demand
6 judgment be entered against Defendants CALIFORNIA HORSE RACING
7 BOARD each and every one of them, jointly and severally,
8 including an award of compensatory and actual damages, punitive
9 damages, equitable relief, reasonable attorneys fees, pre-
10 judgment interest, post-interest and costs, and an award in an
11 amount in excess of $20 Million U.S. dollars, and such other
12 relief as the Court may deem just and proper. Plaintiffs and the
13 members of the Class demand declaratory and injunctive and other
14 equitable relief against all of Defendants as set forth below.

15

16 **SECOND CLAIM FOR RELIEF**

17    **51. (First Amendment Violation - Defendants CALIFORNIA**
18 **HORSE RACING BOARD (Bivens v. VI Unknown Named Agents of Federal**
19 **Bureau of Narcotics)**

20    52. Plaintiff TYRONE T. TAYLOR and members of the Class
21 repeat and re-allege all of the previous allegations in
22 paragraphs 1 through 50 of this Complaint with the same force
23 and affect, as if fully set forth herein again at length.

24    53. Defendants AND each of them, acting in their official
25 capacity and personally, abridged and violated Plaintiffs' and
20

COMPLAINT FOR DAMAGES AND INJUNCTIVE DECLARATORY RELIEF

1  Class members' First Amendment right of freedom of speech and
2  association by significantly minimizing and chilling Plaintiff
3  TYRONE T. TAYLOR' and Class members' freedom of expression and
4  association.

5      54. Defendants "The Stronach Group" acts as owners of many
6  Racing Facilities  throughout the United States, chill, if not
7  "kill," speech by instilling in Plaintiff TYRONE T. TAYLOR,
8  members of the Class, and over a hundred million of Americans
9  the fear that their  free speech will get them unlawfully
10 expelled, ejected, and barred from Racing Events hosted by the
11 defendants Thus violated Plaintiffs' and Class members' right of
12 freedom of association by making them and others weary and
13 fearful speaking

14 Out of fear of the misuse of Golden Gate Fields Security
15 Department's power and retaliation against these persons and
16 entities who challenge the misuse of GOLDEN GATE FIELDS SECURITY
17 DEPARTMENT'S power.

18     55. By reason of the wrongful conduct of these Defendants,
19 Plaintiffs and members of the Class suffered and continue to
20 suffer from severe emotional distress and physical harm,
21 pecuniary and economic damage, loss of services, and loss of
22 society accordingly.

23     56. These violations are compensable under *Bivens v. VI*
24 *Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S.
25 388 (1971).

21

COMPLAINT FOR DAMAGES AND INJUNCTIVE DECLARATORY RELIEF

1    57. As a direct and proximate result of the intentional and
2  willful actions of Defendants, Plaintiff TYRONE T. TAYLOR and
3  members of the Class demand that judgment be entered against
4  Defendants each and every one of them, jointly and severally,
5  including an award of compensatory and actual damages, punitive
6  damages, equitable relief, reasonable attorneys fees,
7  prejudgment interest, post-interest and costs, and an award in
8  an amount in excess of $20 Million U.S. dollars and such other
9  relief as the Court may deem just and proper.

10

11                     **THIRD CLAIM FOR RELIEF**

12    **58. (Fourth Amendment Violation - CALIFORNIA HORSE RACING**
13  **BOARD (Bivens v. VI Unknown Named Agents of Federal Bureau of**
14  **Narcotics)**

15    59. Plaintiff TYRONE T. TAYLOR and members of the Class
16  repeat and re-allege all of the previous allegations in
17  paragraphs 1 through 57 of this Complaint with the same force
18  and affect, as if fully set Forth herein again at length.

19    60. The Fourth Amendment provides in pertinent part that
20  people have a right to be secure in their persons against
21  unreasonable Retaliatory actions of Security Departments of
22  Defendant "The Stronach Group", various Racing Horse Racing
23  Facility that warrants shall not be issued but upon probable
24  cause, and that the place of search must be described with
25  particularity.
                                    22

COMPLAINT FOR DAMANGES AND INJUNCTIVE DECLARATORY RELIEF

61. Defendant CALIFORNIA HORSE RACING BOARD, acting in their official capacities and personally, violated the Fourth Amendment to the U.S. Constitution when they unreasonably expelling, ejecting, and barring;

62. Defendants CALIFORNIA HORSE RACING BOARD, acting in their official capacity and personally, violated the Fourth Amendment to the U.S. Constitution by not actively and periodically monitoring Racing Facilities under the authority and licensing of the California Horse Racing Board;

63. Plaintiff TYRONE T. TAYLOR and members of the Class suffered and continue to suffer from severe emotional distress and physical harm, pecuniary and economic damage, loss of services, and loss of society accordingly.

64. These violations are compensable under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As a direct and proximate result of the intentional and willful actions of Defendants;

65. Plaintiff TYRONE T. TAYLOR and members of the Class demand judgment be entered against Defendants each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, equitable relief, reasonable attorneys fees, pre-judgment interest, post-interest and costs, and an award in an amount in excess of $20 Million U.S. dollars and such other relief as the Court may deem just and proper.

23

**FOURTH CLAIM FOR RELIEF**

**(Intentional Infliction of Emotional Distress - Each and Every Defendant)**

66 Plaintiff TYRONE T. TAYLOR and members of the Class repeat and re-allege all of the previous allegations in paragraphs 1 through 65 of this Complaint with the same force and affect, as if fully set forth herein again at length.

67. Defendants Golden Gate FIELDS SECURITY DEPARTMENT' willful acts constitute outrageous conduct insofar as they violated Plaintiffs' and Class members' basic democratic rights, constitutional rights, and exposed them to beyond an "Orwellian regime of totalitarianism." Plaintiff TYRONE T. TAYLOR' and Class members' rights are being surrendered in secret to the demands of unaccountable intelligence and other government agencies, as well as all of the Defendants.

68. Defendants intended to cause Plaintiffs and members of the Class emotional distress and physical harm and acted in reckless disregard causing Plaintiff TYRONE T. TAYLOR and members of the Class emotional distress by committing these acts. The only purpose of this outrageous and illegal conduct is to intimidate HORSE RACING PATRONS and keep them from challenging a INTIMIDATIVE tyrannical racing Facility presently controlled by the Defendants "The Stronach Group", and THE CALIFORNIA HORSE RACING BOARD a State of California

24

1   governmental agency which seeks to control virtually every
2   aspect of Plaintiff behavior, members of the Class, and other
3   Racing Patrons lives, to further its own, and Defendants Golden
4   Gate Field oppressive Retaliatory actions for Racing Patrons who
5   exercise their Free Speech Rights "agendas."

6

7   `      69. CALIFORNIA HORSE RACING BOARD were agents of the State
8   of California they allowed such policies of Defendant Golden
9   Gate Fields when they committed these acts.

10      70. As a direct and proximate result of Defendants' acts,
11  Plaintiffs and members of the Class suffered and Plaintiff
12  TYRONE T. TAYLOR and members of the Class continue to suffer
13  mental anguish, and severe emotional distress and physical harm.

14      71. By reason of the wrongful conduct of Defendants,
15  Plaintiffs and members of the Class suffered and continue to
16  suffer from severe emotional distress and physical harm,
17  pecuniary and economic damage, loss of services, and loss of
18  society accordingly.

19      72. Plaintiff Tyrone T. Taylor and members of the Class
20  demand that judgment be entered against Defendants, each and
21  every one of them, jointly and severally, including an award of
22  compensatory and actual damages, punitive damages, equitable
23  relief, reasonable attorneys fees, prejudgment interest, post-
24  interest, costs, and an award in an amount in excess of $20

25

                                    25

1 million U.S. dollars and such other relief as the Court may deem
2 just and proper.

3    73. Plaintiff Tyrone T. Taylor and Class members
4 additionally seek a declaration pursuant to 28 U.S.C. §2201 that
5 Defendants' action violated 18 U.S.C. §2702, and seek reasonable
6 attorneys' fees pursuant to 28 U.S.C. §2202.

8    75. Plaintiff Tyrone T. Taylor and Class members have been
9 and are aggrieved by Defendants' above unlawful and
10 unconstitutional actions described knowing or intentional
11 expelling and ejecting of non-violent, complying Disgruntled
12 Racing Patrons.

13    76. Pursuant to 18 U.S.C. §2707, which provides a civil
14 action for any person aggrieved by knowing or intentional
15 violation of 18 U.S.C. §2702, Plaintiff TYRONE T. TAYLOR and
16 Class members seek such preliminary and other equitable or
17 declaratory relief as may be appropriate; monetary damages for
18 each aggrieved Plaintiff TYRONE T. TAYLOR or Class member;
19 punitive damages as the Court considers just; and reasonable
20 attorneys' fees and other litigation costs reasonably incurred.

22                    **PRAYER FOR RELIEF**

23    77. Plaintiff Tyrone T. Taylor and Class members demand
24 that judgment be entered against Defendants, each and every one
25 of them, jointly and severally, for compensatory and actual

COMPLAINT FOR DAMAGES AND INJUNCTIVE DECLARATORY RELIEF

1  damages because of Defendants' illegal actions causing this
2  demonstrable injury to Plaintiffs and Class members, punitive
3  damages because of Defendants' callous, reckless indifference
4  And malicious acts, and attorney's fees and costs in an amount
5  in excess of $20 million U.S. dollars and such other relief the
6  Court may deem just and proper.

7      78. Plaintiff TYRONE T. TAYLOR and   PROSPECTIVE Class
8  members demand declaratory, equitable and injunctive relief for
9  their injuries in the following ways: (1) a cease and desist
10 order to prohibit this type of illegal and criminal activity
11 against Plaintiff Tyrone T. Taylor, Class members, and other
12 disgruntled non-violent, complying  Racing Patron from occurring
13 now and in the future;

**JURY DEMAND**

15 'laintiff TYRONE T. TAYLOR respectfully demands a jury trial on
16 a. ll issues so triable.

18 Da ted: January 24,, 2014

20 Re spectfully submitted,

22 TYI RONE T. TAYLOR, Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE DECLARATORY RELIEF

EXHIBIT "A"

Tyrone Totche Taylor
P.O. Box 4702
Hayward, California, 94540-4702
Taylortyrone351@gmail.com

December 31, 2013

TO: **Calvin J. Rainey**, Golden Gate Fields, Vice President and Assistant General Manager
     1100 Eastshore Highway
     Berkeley, California, 94710

And

     **T.W. Johnson**, Golden Gate Fields, Security Manager
     1100 Eastshore Highway
     Berkeley, California, 94710

**Cc:**

     **Mike Rogers**, President, Racing Division, The Stronach Group
     455 Magna Drive
     Aurora, Ontario, Canada
     L46749
     **Jane Lynn, Esq.,** Vice President, Legal & Corporate Affairs, The Stronach Group
     455 Magna Drive
     Aurora, Ontario, Canada
     L46749
     **Robert Miller, Esq**. Chief Counsel, California Horse Racing Board
     1010 Hurley Way, Suite 300
     Sacramento, California, 95825
     **Ebony T. Taylor, Esq**., General Counsel, Point of Contact, Inc.
     P.O. Box 4702
     Hayward, California, 94540
     **Mark Blankenship, Esq.,** General Counsel, Point of Contact, Inc.
     P.O. Box 4702
     Hayward, California, 94540

**In Re: The Saturday** (December 28, 2014) 10:00 **am  ENTRY INCIDENT:**

**Greetings,** Calvin, and TW:

This is an addendum to my previous letter requesting a meeting with  both of you.

In Good faith I am enclosing a copy of the complaint I have delayed filing  in hopes of hopefully  and amicably reaching  resolution and settlement without the need of lengthy litigation, and  time and cost. Hopefully you will provide your general with such before a possible meeting with both you and TW to consider if such a meeting should take prior to the filing of the enclosed complaint  or waiting until the conclusion of the discovery phase in this cause of action.

I have also enclosed my Offer in Compromise for your General Counsel to also consider at this time.

I will withhold the filing of this complaint until Tuesday January 14,2014, in hopes of a response by close off business, Monday, January 13,2014.  Absent a non response I will assume your decision of no meeting at this time.

Regards,

/s/
Tyrone T. Taylor

EXHIBIT $T$ $^1$ "$A$"

**MENT OF CAUSE OF ACTION:**

Now to the serious matter at hand. As you are award, I have been acquainted with you for over 20 years, when you became Operations Managers. During the 43 years I have been attending the races on a daily basis, there has never been the occasion of my being disgruntled, nor has there ever been not on confrontation, admonishment, nor any type of verbal exchange, or expelling in regards to myself. Although during that time, I have personally witnessed on numerous occasion the improper expelling and barring of several former patrons who were unlawfully and illegally expelled and permanently barred expressing their constitutional rights to Free Speech, in re-acting distrguntly however without the threat of violence or indecently in regards to improper treatment or insulting, degrading and defamatory remarks made by both Staff employees, Tote personnel and mainly Golden Gate Fields Security personnel.

Although my numerous times during the past 5 years personally witnessing one non violent
 Patron after patron summarily embarrassed, belittled, treated with contempt and then illegally and unlawfully expelled and barred simply expressing their 5th amendment Constitutional Rights at the pleasure of the Aggressive, Intimidating, and Contemptuous demeanor of the major of the Golden Gate Security Personnel of Security Department.

Unfortunately this communication comes as a result of the above mentioned Saturday, December 28, 2013, in which I'm humbly and respectfully requesting a formal Meeting with the both of you in hopes of documenting and reviewing the entire cause, actions of both myself and the parties involved, including and not limited to those (Gate Entry Employee, the 4 Security Officers) directly or-directly involved.

Because Golden Gate Fields operates under both authority and Licensing of the California Horse Racing Board, and wherewith operates under Color of Law as a Public Facility licensed under the State of California and the events herein mentioned are under Color of Law both regarding the 1st Article amendment of the California State Constitution, and the United States 5th and 14th Amendments of the U.S. Constitution, regards Both my Civil Rights and Free Speech Constitutional Rights

The state of California requires by law a. PSO (or PPSO) **to ensure the safety of both the employee and the customers.** The best trained PSO (or PPSO)  in house Security officers don't 'bounce EXPELL, Aggressively and in Bad Faith Intimidate' anyone, they talk to people with respect, courtesy, and attempt to get to the total story from both sides.  They do not come in with Intimadative aggressive Judgmental demeanor, publicly embarrassing and belittling and defaming any patron, especially when this disgruntled patron is no violent, and compliant to the officer's command and control of the ensuing situation.

Please Take Notice while I never got involved in many of these past witnessing, for fear like most patrons attending that they would be summarily embarrassed, intimated, expelled and permanently barred from attendance at Golden Gate field, I am now exercising my constitutional rights for request for a formal investigation as to the security Department Policy, behavior, demeanor when it comes to the handling and adjudication of events whereas a disgruntled patron exercises his 5th amendment constitutional Rights, and such rights are not only circumvented, ignored by Security Personnel, but their actions are intended to belittle, embarrass, and aggressively show intimidating force and control to place fear into each patron expressing their disapproval of certain unlawful,

illegal and unconstitutional policies, actions, and behavior and demeanor of Golden Gate Fields Security Department.

Because I became one of my hundreds who have been unfairly treated by both Golden Gate Fields Support Staff and Security personnel of the Security Department, I am now obligated to speak and represent those who have been unfairly, unlawful and unconstitutional been denied proper resolution to proper resolution of conflict resolution. I was further denied the refund of the $10 I paid for parking, just 30 minutes after paying for Parking.

In the matter I'm about to give Statements of Facts, officers involved they did not give "a shit" about my side of the conflict or confrontation stated in this matter, continuing to get closely in my face in an intimating manner as if to re-lay potential next action of physical infliction if I didn't shut up or stop speaking loud.

Not once was any small degree of conflict resolution policies were enacted, just rude brut intimidating presence of two mean spirited officers coming at a non violent, complying disgruntled patron, voicing his rights constitutional to Free Speech in regards to being unfairly embarrassed, talked down to in from of many of his piers .

I have no choice (should you deny a meeting with you and TW to at least for the record, obtain a complete record of everyone directly and/or indirectly involved, and ascertain if such policies can be investigated and corrected), but seek a Class Action in the U.S. District Court, in and for the Northern District, upon Federal Question in regards to these Civil Rights, and Free Speech Rights violations, practiced by Golden Gate Fields Security personnel.

I do believe you to be a fair and just caring person, that is why I'm appealing to you and TW to investigate this situation, as it is just one of many incidents that have not been properly documented via a written incident report before the expelling and barring of present and former disgruntled patrons who have been summarily expelled and barred without a proper review of the incident.

**FACTUAL STATEMENTS**:

1. On Saturday, December 28,2014, I was in line as the other 30-40 patrons were also, waiting for 10am Gate opening to enter the facility for Saturday, December 28,2014 Racing Program;

2. I had my addition Fee in hand and was prepared to pay for the admission ,when a person directly in front of my said "Please allow me to take care of your admission today, here use one of my Trainer's Card to get in and please return it to me once you enter;

3. My Always paying to get in, did as I always do, I reached for a program that was always included as part of my admission, and upon reaching for the program, I was told by the Gate Person, to give the program back, because I wasn't entitled to a program because a used one of the Trainer's Guest Credentials;

4. I immediately informed the Gate Person, I had no idea that I wasn't entitled to a Free program as I have never been given a Trainer's Guest Credentials to get in, and I was entitled to be treated with courtesy and that I was improperly Loudly needlessly publicly embarrassed by this gate persons loud admonishment to me;

5. Instead the Gate Personnel person went thru and got louder and stated **"You Don't Pay Nothing, You don't get nothing".** After being a Golden Gate Fields Patron for over 43 years, I was not entitled to this embarrassing, slanderous demeaning, insulting and degrading remark **"You don't pay nothing, you do get nothing!"**

6. I immediately expressed my constitutional Free Speech Right by saying "I deserve to be treated with courtesy and respect, and I don't deserve to be treated as if I'm some ignorant

Nigga!" I went on further to say "I'm tired just little many other patrons, being talked down to , disrespected and looked at in a contemptible low class meaner, as if we are some "ignorant Nigga' and I'm tired of you and others consistently talking down to us as if we "are Ignorant Nigga's." I further stated, "I know what it feels like to be talked to and treated like an "ignorant nigga", and even paying cash, we have no respect or creditable when it comes to White Golden Gate personnel and Tote Tellers, we are always treated and talked down to and treated with contempt. I further informed the officers I'm not swearing at you, and I don't appreciate your swearing at me and disrespecting me.

**7.** I came back and asked this Gate Person, if Calvin was in as I wanted to file a complaint about her degrading, demeaning, insulting, and embarrassing comment *"You don't pay nothing, you don't get nothing!"* She then stated, *"Calvin couldn't care less about your complaint, you'd do better filing out a complaint form with Julie."* I then said "I'm not going to allow this matter go unreported, I am not just one of many "ignorant Niggas, you all can talk down to" I then left and went into the Horse Wizard Room.

**8.** Approximately 15 minutes later, approximately 4 Security Officers, came running into the Room and immediately in an aggressively and in an intimating mean demeanor, closely approached me as if the next step was they were going to brutally beat me. I attempted to give my side of what happen, in a respectful, non-violent complying demeanor, only to be told by the officers "they didn't give a shit about my side of the Story, those are women and you don't talk to our women that way. You are talking Loud to us as you did with her", and when I told them, "all black people talk loud", they said not here at Golden Gate Fields", we're Expelling you, and don't give a shit about your side of the Story. "Get your shit, you're out of here!" I complied and while leaving, I asked for my $10 parking Fee back and I told I wasn't entitled to a refund, that's the price I must pay.

## CONCLUSION:

The state of California requires by law a. PSO (or PPSO) **to ensure the safety of both the employee and the customers.** The best trained PSO (or PPSO)   in house Security officers don't 'bounce EXPELL, Aggressively and in Bad Faith Intimidate' anyone, they talk to people with respect, courtesy, and attempt to get to the total story from both sides.   They do not come in with Intimadative aggressive Judgmental demeanor, publicly embarrassing and belittling and defaming any patron, especially when this disgruntled patron is no violent, and compliant to the officer's command and control of the ensuing situation.


The PSO (or PPSO) in house security guards, and similarly employed individuals complete an approved training course and get a PSO license. Failing to complete this course can result in fines for individuals and establishments of up to $5,000


The PSO (or PPSO) in house security guards duty is to monitor the crowd, to encourage positive behavior and to enforce the house rules, which sometimes this job babysitting the racing facility.

Correct training for The PSO (or PPSO) in house security guards is necessary in many areas. Some important areas of training are verbal de-escalation techniques, effective and safe separation skills, escort and removal, crowd control Defensive Countermeasure.

In this incidence, the PSO didn't use proper or any times of de-escalation techniques. They can in offensively, in intimidating mode, aggressive and judgmental and unprofessionally verbally offensive which are actionable in the United States District Court, in and for the Northern District of California under U.S.C. 28, Sec. 1331 and Section 1441 and 1441(a) under Federal Question of a

customers Civil Rights, and 5th Amendment Free Speech rights, whether of government or Public Property.

Please keep in mind, every Racing patron comes into this racing facility with baggage, however, no matter how offensive they might be, they are to be afforded common courtesy and respect by your employees, especially your PSO. Even Police Officers no matter how serious the crime, treat the defendant in a professional, respectable courteous manner, not coming at them as though they are already judged guilty. The Officer's Duties are to maintain order and control, not coming at the patron intimidatively, judgmental and meding out Judgment.

The 5 signs the PSO is to look for in a Disgruntled Patron are:

1. Intimidating demeanor
2. Passive resistance.
3. Active resistance
4. Assault
5. Aggravated Assault.

The five corresponding responses to these threats are:
1. Command Presence
2. Verbal commands
3. Controlling Force
4. Impact force
5. Deadly force.

Command Presence means appearing confident and in control. This is the serious presence the front line of defense should have and each PSO proper professional courteous demeanor often stops a problem before it escalates, not add to it. Proper Conflict Resolution Training was not used in this incidence, or any of the many, many incidences I've seen in the past 40 years as a daily Racing Patron. Security walks around as if we are in a prison, often exhibiting unfriendly behavior and intimidating present, as if we are second and third class people.. the civilized person in a group of rowdy friends or someone who appears to be able to lead and pull him aside and ask him to escort his friend calmly out of the crowd. Watch your words, they can come back and bite you and we'll discuss this later in the article. Controlling force means actually handling the individual, but it is less about fighting, this leads us to escort removal.

## Escort and Removal

When escorting a patron out of an establishment, there are a few things to keep in mind, it is to be done in both a professional and courteous manner, respecting the constitutional and civil rights of the person being removed from that property. In this Case, in was approximately 10:15- 10:30am, and being asked to leave the property, I was entitled to the refund of the $10 I paid for parking. In this incidence, upon requesting the refund of the $10, I was told "This is the consequence you pay when you're removed from the property, you are not entitled to a refund of your $10 parking fee.

Wherefore, I am in Good Faith requesting a Formal Meeting with you and TW and that a complete investigation is conducted and a written report be afforded to those in charge for the possible amending of the policies now employed when it comes to expelling non- violent disgruntled patrons.

I hereby alleging that Golden Gate Fields Security Officers did not exhibit Conflict Resolution policies and training, by documenting all sides in writing before expelling a patron, The Due Process mandates would have been met before the expelling of such patron. In this situation, Due Process, nor common Courtesy, nor Conflict resolution. The Officer's did not de-escalate the situation but inflamed the situation by being aggressive, intimidating and rude, dishonorable, and disrespectful and this matter is actionable in the proper Court of Law as an Class Action Matter.

5

I am respectfully asking for resolution of this matter with a formal investigation and a report forwarded to the proper decision makers in the interest of myself and others similarly situated.

Respectfully submitted,

Tyrone T. Taylor

Taylortyrone351@gmail.com

EXHIBIT "B"

ʼTyrone T. Taylor

P.0.Box 4702

Hayward, California, 94540

Respond by email: taylortyrone351@gmail.com

December 31, 2013

## CONFIDENTIAL UNIFIED OFFER IN COMPROMISE
### (Pursuant Rule 408 F.R.E.)

TO: **Calvin J. Rainey**, Golden Gate Fields, Vice President and Assistant General Manager

1100 East shore Highway

Berkeley, California, 94710

And

**T.W. Johnson**, Golden Gate Fields, Security Manager

1100 East shore Highway

Berkeley, California, 94710

## Cc:

**Mike Rogers**, President, Racing Division, The Stronach Group

455 Magna Drive

Aurora, Ontario, Canada

L46749

**Jane Lynn, Esq.,** Vice President, Legal & Corporate Affairs, The Stronach Group

455 Magna Drive

Aurora, Ontario, Canada

L46749

EXHIBIT B

**Robert Miller, Esq.** Chief Counsel, California Horse Racing Board

1010 Hurley Way, Suite 300

Sacramento, California, 95825

**In Re: The Saturday** (December 28, 2014) 10:00 **is** ENTRY **INCIDENT:**

## SUBJECT:  TAYLOR Vs GOLDEN GATE FIELDS, et, al

In re: Taylor vs. GOLDEN GATE FIELDS, MIKE ROGERS; THE STRONACH GROUP; AND THE CALIFORNIA HORSE RACE BOARD (aka C.H.R.B.)

## SUBJECT: CONFIDENTIAL UNFIED CONFIDENTIAL OFFER IN COMPROMISE (Pursuant to RULE #408 FRE)

### GREETINGS TO EACH OF YOU:

This **UNIFIED** Confidential Offer in Compromise(#408 FRE) is made in good faith and in the interest of peace in hopes of avoiding long and costly time consuming protracted litigation of motions, and extensive Lengthy and Time consuming Extensive Discovery of :

1. **General and Special Sets of Interrogatories** of all parties directly and indirectly involved including but not limited to defendants , their employees, their patrons and all parties having knowledge of this incident and also all mentions persons involved in similar incidences between the periods of 2008 thru and including December 31,2013;

2. **Requests for production   inspection and copying** of all relevant incident reports, reports, racing patron database of all parties directly and indirectly involved including but not limited to defendants , their employees, their patrons and all parties having knowledge of this incident and also all mentions persons involved in similar incidences between the periods of 2008 thru and including December 31,2013;

3. **DEPOSITIONS PROPOUNDED U**PON but  not limited to defendants , their employees, their patrons and all parties having knowledge of this incident and also all mentions persons involved in similar incidences between the periods of 2008 thru and including December 31,2013;

4. This good faith offer in hopes of finding some common ground to resolve this matter thru voluntary Mediation by the American Arbitration Association (Mediation Division)

to avoid the costly and time consuming litigation of a class Action Suit in Federal District Court for the good of all parties involved.

5. As a matter of Good faith, if there is no responses by January 14,2014, I will file the cause of action, and mail a copy of the filed complaint to each defendant, in hopes they will consider immediate mediation thru The American Arbitration Association instead of proper service and responding while this matter is in mediation;

6. Furthermore, I am willing to extend the service upon each defendant participating defendant timely responding to this UNIFIED OFFER OF COMPROMISE, during the period meaningful mediation is taking place, while serving and litigating defendants unwilling to voluntarily mediate at this time...

Please present this to your Legal Persons Immediately and please have them respond via email, my email address is taylortyrone351@gmail.com.

I shall await a good faith response by January 14, 2014 and I shall withhold Service of Complaint on each Defendant not responding before the intended January 15, 2014 filing of a Cause of Action. Plaintiff will again extend as a matter of good faith each defendant a courtesy copy of the filed complaint, and requests upon receipt each defendant will respond within 10 days after receiving their courtesy copy of the filed complaint.

Humbly praying for a prompt and expeditious resolution of this matter in the interest of Justice and Fair Play.

**DATED**: December 31, 2013

Humbly,

Tyrone T. Taylor

### CONFIDENTIAL UNIFIED OFFER IN COMPROMISE
### (Pursuant Rule 408 F.R.E.)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TYRONE T. TAYLOR

**(b)** County of Residence of First Listed Plaintiff  **ALAMEDA COUNTY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
GOLDEN GATE FIELDS; MIKE ROGERS, PRESIDENT, RACING DIVISION, THE STRONACH GROUP; THE STRONACH GROUP, CALIFORNIA HORSE RACE BOARD, DOE 1-10 RACING ASSN.

County of Residence of First Listed Defendant  **ALAMEDA COUNTY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☒ 6 | ☒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ |  |  | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander   Personal Injury |  | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability |  | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability   ☐ 368 Asbestos Personal |  | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine   Injury Product |  |  | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product   Liability |  | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Matters |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury   ☐ 385 Property Damage | ☐ 751 Family and Medical |  | ☐ 895 Freedom of Information |
|  | ☐ 362 Personal Injury -   Product Liability | Leave Act |  | Act |
|  | Medical Malpractice |  | ☐ 790 Other Labor Litigation |  | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights   **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee |  | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate |  | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence |  | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
|  | Employment   **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration |  |  |
|  | Other   ☐ 550 Civil Rights | Actions |  |  |
|  | ☐ 448 Education   ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - |  |  |  |
|  | Conditions of |  |  |  |
|  | Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1331 (FEDERAL QUESTION)
Brief description of cause:
PLAINTIFF WAS EXPELLED FROM A CALIFORNIA  RACING FACILTIES EXERCIZING HIS FREE SPEECH

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
10,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY
*(See instructions)*
JUDGE                                 DOCKET NUMBER

DATE
1-28-14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE