United States District Court
For the Northern District of California

1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10   TYRONE T. TAYLOR,

11            Plaintiff,                              No. C 14-0411 PJH

12       v.                                           **ORDER**

13   GOLDEN GATE FIELDS, et al.,

14            Defendants.

_____/

15

16       Plaintiff Tyrone T. Taylor has filed a motion pursuant to 28 U.S.C. § 455, seeking

17   recusal of the undersigned district judge for bias and prejudice.  Plaintiff bases this motion

18   on his experience more than 20 years ago when he appeared in the Oakland-Piedmont

19   Municipal Court, where the undersigned was a Traffic Commissioner.  He also bases the

20   motion on the fact that the undersigned remanded an unlawful detainer action that plaintiff

21   twice improperly removed from state court, finding that this court lacked subject matter

22   jurisdiction.  See C-13-5039 PJH, H&H Property Management, LLC v. Taylor; C-13-5549

23   PJH, H&H Property Management, LLC v. Taylor.

24       Under 28 U.S.C. § 455, federal judges and magistrate judges must recuse

25   themselves "in any proceeding in which [their] impartiality might be reasonably

26   questioned[,]" including if they have "a personal bias or prejudice concerning a party."  See

27   28 U.S.C. §§ 455(a), (b)(1); see United States v. Heffington, 952 F.2d 275, 278 (9th Cir.

28   1991).

United States District Court

For the Northern District of California

1    The substantive standard for recusal under § 455 is "whether a reasonable person

2  with the knowledge of all the facts would conclude the judge's impartiality might be

3  questioned." Taylor v. Regents of the Univ. of Calif., 993 F.2d 710, 712 (9th Cir. 1993)

4  (quotations omitted); see also United States v. Hernandez, 109 F.3d 1450, 1453–54 (9th

5  Cir. 1997).  In addition, to the extent that a moving party seeks to disqualify a judge based

6  on events that occur during the course of litigation, the party must demonstrate that the

7  judge either (1) relied on knowledge acquired outside of the proceedings or (2) "displayed

8  deep-seated and unequivocal antagonism that would render fair judgment impossible."

9  See Liteky v. United States, 510 U.S. 540, 556 (1994).

10    Section 455, sets forth no procedural requirements.  That section is directed to the

11  judge, rather than the parties, and is self-enforcing on the part of the judge.  United States

12  v. Sibla, 624 F.2d 864, 867-68 (9th Cir. 1980).  Section 455 includes no provision for

13  referral of the question of recusal to another judge; if the judge sitting on a case is aware of

14  grounds for recusal under § 455, that judge has a duty to recuse himself or herself.  Id. at

15  868.  In other words, when a judge sitting on a case is aware of grounds for recusal under

16  § 455, that judge has a duty to recuse himself or herself.  Id.

17    As this case was reassigned to the undersigned only five days ago, plaintiff cannot

18  reasonably claim to be seeking recusal based on any events that occurred during this

19  litigation.  The only other basis for plaintiff's motion is that he is unhappy with Traffic Court

20  decisions issued more than 20 years ago, and is also unhappy with the more recent

21  decisions by this court that it lacked subject matter jurisdiction over actions that plaintiff

22  improperly removed to this court.[1]

23    The motion is DENIED.  The court finds no basis for a finding that the undersigned

24  has any personal bias or prejudice against plaintiff.  "[J]udicial rulings alone almost never

25

26    [1] Plaintiff also asserts that the undersigned is "biased and prejudiced against males
   seeking custody, and . . . is biased and prejudiced against children in the context of custody
27  cases."  As neither the present case nor the unlawful detainer action that plaintiff twice
   improperly removed from state court can be viewed as involving child custody issues, and
28  given that the undersigned has never presided over any child custody cases, any argument
   regarding alleged bias in custody cases is misplaced.

1  constitute valid basis for a bias or partiality motion." <u>Liteky</u>, 510 U.S. at 555; <u>see also</u>

2  <u>Leslie v. Grupo ICA</u>, 198 F.3d 1152, 1160 (9th Cir. 1999); <u>United States v. $292,888.04 in</u>

3  <u>U.S. Currency</u>, 54 F.3d 564, 566 (9th Cir. 1995); <u>Taylor</u>, 933 F.2d at 712.

4

5  **IT IS SO ORDERED.**

6  Dated:  February 18, 2014

7  _____
   PHYLLIS J. HAMILTON
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3