UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TYRONE T. TAYLOR,

    Plaintiff,

    v.

GOLDEN GATE FIELDS, et al.,

    Defendants.

No. C 14-0411 PJH

**ORDER VACATING ORDER FOR SERVICE, DISMISSING CASE WITH LEAVE TO AMEND, DENYING APPLICATION FOR TRO, AND DENYING MOTION TO COMPEL DISCOVERY**

Plaintiff Tyrone T. Taylor filed this action on January 28, 2014, against defendants Golden Gate Fields, The Stronach Group (which owns and operates the Golden Gate Fields racetrack), Mike Rogers (an employee of The Stronach Group), and the California Horse Racing Board ("CHRB"), asserting three claims of constitutional violations under 42 U.S.C. § 1983[1] against the California Horse Racing Board, and possibly against the other three defendants, and asserting a state-law cause of action for intentional infliction of emotional distress against all defendants. Plaintiff seeks compensatory and punitive damages "in excess of $20 million U.S. dollars," and declaratory and injunctive relief.

Also on January 28, 2014, plaintiff filed an application to proceed in forma pauperis ("IFP"), which was granted on January 29, 2014, apparently without the review required under 28 U.S.C. § 1915(e)(2). The case was subsequently reassigned to the undersigned district judge. Because a proper § 1915(e)(2) review was not completed, the court hereby VACATES only the portion of the January 29, 2014 IFP order that directed that the United

---

[1] Plaintiff alleges in the complaint that the constitutional claims are brought pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971) (although he also describes the case as "a civil action under 42 U.S.C. § 1983"). <u>Bivens</u> actions can be brought only against federal employees sued in their individual capacities. <u>See</u>, e.g., <u>Correct. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 70 (2001). No federal employees are named as defendants in plaintiff's complaint. Constitutional claims against state actors must be brought under 42 U.S.C. § 1983. <u>See</u>, e.g., <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991).

1  States Marshal serve the summons and complaint on defendants.

2  Further, the court DISMISSES the complaint, pursuant to 28 U.S.C. § 1915(e) for
3  failure to state a claim. The dismissal is with leave to amend, as set forth below. Before
4  the summons and complaint can be served, plaintiff must file a viable complaint.

5  Finally, on February 13, 2014, plaintiff filed an application for a temporary restraining
6  order ("TRO"), and also filed a motion to compel production of documents. Both the TRO
7  application and the motion to compel are DENIED.

## DISCUSSION

A.   Legal Standard

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). When a complaint is filed IFP, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against defendants who are immune from suit. 28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

A complaint is frivolous for purposes of § 1915(e)(2) if it lacks any arguable basis in fact or in law. Neitzke v. Williams, 490 U.S. 319, 328-30 (1989). A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990). Thus, a court may dismiss as frivolous complaints that recite bare legal conclusions without any supporting facts. Franklin, 745 F.2d at 1228; see also Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 ( 9th Cir.1987). The term "frivolous" embraces "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325; McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing a complaint for frivolity, a trial court may "pierce the veil" of the allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. In so doing, the assessment of the factual allegations must be

2

weighted in plaintiff's favor. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

B.  The Complaint

Plaintiff is a long-time patron of Golden Gate Fields, a horse racing facility located in Albany, California. He alleges that on December 28, 2013, he was waiting in line to enter the racetrack, along with 30-40 other patrons. He claims that the person standing in front of him offered to "take care of his admission" by allowing plaintiff to use A "Trainer's Card." After plaintiff entered using the "Trainer's Card," he reached for a race program, but claims he was told by the "Gate Person" that he was not entitled to a program because he had used one of the "Trainer's Guest Credentials." Cplt ¶¶ 16-18

Plaintiff informed the Gate Person that he believed he was entitled to a program, whereupon he and the Gate Person became involved in a heated discussion, the gist of which appears to have been that plaintiff demanded that he be treated with courtesy and respect; and the Gate Person insisted that "You don't pay nothing, you don't get nothing." Cplt ¶¶ 19-20. In response, plaintiff asserted that he didn't "deserve to be treated as if I'm some ignorant Nigga" and that he was "tired just [as] . . . many other patrons, [of] being talked down to, disrespected and looked at in a contemptible low class manner, as if we are some 'ignorant Nigga' and I'm tired of you and others consistently talking down to us as if we 'are Ignorant Nigga's.'" See Cplt ¶ 21. Eventually, security personnel appeared on the scene, and further heated discussion ensued. Cplt ¶ 23. According to plaintiff, the security personnel ordered him to leave, based on the volume of his voice and his use of offensive language, and refused his request for a refund of his $10 parking fee. Cplt ¶ 23.

Plaintiff alleges that on December 31, 2013, he mailed written requests to each of

3

the defendants herein, seeking "a meeting to resolve the alleged issues without the need of filing a complaint in regards to the issues on the face of the complaint." He asserts that he gave defendants until January 14, 2014 to respond, but that he had received no response as of the date of filing of the complaint. Cplt ¶¶ 24-26.

Plaintiff filed the complaint as a proposed class action, on behalf of a class defined as "all persons who have been unfairly ejected, expelled, psychologically harassed and intimidated by the Golden Gate Fields Security Department without at least a due process informal explaining of the negative circumstances." Cplt ¶ 27.

Plaintiff asserts that the California Horse Racing Board (and possibly the other defendants) violated his rights to due process under the Fifth Amendment,[2] his First Amendment right to freedom of speech, and his Fourth Amendment right to be free from unlawful search and seizure. He also asserts a claim of intentional infliction of emotional distress against all defendants.

C.   Analysis

    1.   Violation of Federal Rule of Civil Procedure 8(a)

The court finds that plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8(a), which requires that "[a] pleading that states a claim for relief" contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (quotation and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at

---

[2] The Fifth Amendment's Due Process Clause applies only to the federal government. Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Accordingly, the court interprets plaintiff's claim as one alleging violations of the Fourteenth Amendment's Due Process Clause.

4

678.

Here, the complaint is deficient in that it fails to clearly allege which cause of action is being asserted against which defendant. While the first, second, and third causes of action all state in the heading that they are brought against the CHRB, the first and second causes of action also refer to "the wrongful conduct of the [d]efendants, each and every one of them," and the third cause of action refers to "retaliatory actions" of The Stronach Group. Nowhere does the complaint plead any facts against Mike Rogers.

2.     Dismissal of California Horse Racing Board

Further, because the CHRB is a Department of the Business, Consumer Services, and Housing Agency of the State of California, the Eleventh Amendment to the United States Constitution precludes plaintiff from pursuing claims against CHRB in federal court.

The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985). This includes state law claims brought against a state in federal court under the supplemental jurisdiction statute, 28 U.S.C. § 1367. Raygor v. Regents of the University of Minnesota, 534 U.S. 533, 541-42 (2002). This Eleventh Amendment immunity extends to suits against a state agency. See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009).

Relying in part on the Eleventh Amendment immunity discussed above, the Supreme Court also has held that states are not "persons" under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Accordingly, the claims against the CHRB must be DISMISSED from the case, and all references to the CHRB must be deleted in any amended complaint.

3.     Constitutional claims

The court finds further that the complaint fails to state a claim of constitutional violations against Golden Gate Fields, the Stronach Group, or Mike Rogers. Title 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia

5

Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. See Graham v. Connor, 490 U.S. 386, 393-94 (1989). Here, plaintiff alleges violations of his Fifth Amendment due process rights, his First Amendment rights to freedom of speech and freedom of association, and his Fourth Amendment rights to be free of unlawful search and seizure.

To state a claim under § 1983, a plaintiff must allege two essential elements – that a right secured by the Constitution or laws of the United States was violated; and that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); see also Marsh v. County of San Diego, 680 F.3d 1148, 1152 (9th Cir. 2012). Taking the second element first, the court notes that a person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49 (citation and quotation omitted).

A private individual generally does not act under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). Simply put – there is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

Action taken by private individuals or organizations may be under color of state law if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295-96 (2001). Here, however, plaintiff has alleged no facts sufficient to show that Golden Gate Fields, Mike Rogers, or The Stronach Group is a state actor.

Golden Gate Fields is a racing facility owned and operated by The Stronach Group, which, according to its website, is a private company based in Canada, and owns and operates a number of horse racing, breeding, and training facilities in the United States and

6

Canada. Mike Rogers is the President of The Stronach Group's Racing Division.

The sole connection alleged in the complaint between Golden Gate Fields and any governmental entity is the fact that the CHRB "authorizes and licenses" Golden Gate Fields to operate as a racing facility under California law. Cplt ¶ 7. However, the mere fact that a facility or individual must be licensed by the State of California is not sufficient to establish that such facility or individual is a state actor. See Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 175-78 (1972) (a state's alcohol licensing and regulatory scheme did not transform a private club with a liquor license into a state actor); Simmons v. Sacramento County Sup. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (attorney does not become state actor simply by virtue of fact he/she is licensed to practice law in the state).

The complaint also alleges that the CHRB "approves of" the "unconstitutional actions" taken by the Security Department at Golden Gate Fields "in the [e]xpelling and permanent barring of nonviolent and complying disgruntled racing patrons who exercise their [c]onstitutional Free Speech [r]ights," Cplt ¶ 7, but this conclusory allegation is insufficient to state a plausible claim in the absence of any supporting facts. Plaintiff alleges no facts showing, for example, that the alleged constitutional violations resulted from the exercise of coercive power by the government, or that Golden Gate Fields or The Stronach Group operated as a willful participant in joint activity with the government, which resulted in the alleged constitutional violations. See Brentwood, 531 U.S. at 296. Nor has plaintiff alleged facts showing that Golden Gate Fields or The Stormach Group is controlled by some governmental entity, or that the government is entwined in the management or control of Golden Gate Fields. See id.

With regard to the first element of the § 1983 claim – that a right secured under the Constitution and laws of the United States was violated – the court finds that the facts alleged are insufficient to support the elements of the claims. However, given the failure of the complaint to allege state action, or to plead facts showing that specific actions by a specific defendant caused any constitutional violation, the court finds it unnecessary to address the specific elements of each of the three constitutional claims.

####  4. Claim of intentional infliction of emotional distress

Plaintiff asserts a claim of intentional infliction of emotional distress as to all defendants. The elements of a claim of intentional infliction of emotional distress are (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991); see also Yun Hee So v. Sook Ja Shin, 212 Cal. App. 4th 652, 671 (2013).

Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. Christensen, 54 Cal. at 903. The tort does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Hughes v. Pair, 46 Cal. 4th 1035, 1051 (2009). "'[P]laintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where some one's feelings are hurt.'" Cochran v. Cochran, 65 Cal. App. 4th 488, 496 (1998). Moreover, the defendant's conduct must be intended to inflict injury or engaged in with the realization that injury will result. Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (1993).

In this case, the complaint alleges that Golden Gate Fields Security Department violated plaintiff's constitutional rights, and "exposed [him] to beyond an 'Orwellian regime of totalitarianism[,]'" and that his rights "are being surrendered in secret to the demands of unaccountable intelligence and other government agencies, as well as all of the [d]efendants." Cplt ¶ 67. The complaint alleges further that "[t]he only purpose of this outrageous and illegal conduct is to intimidate horse racing patrons and keep them from challenging a intimidative [sic] tyrannical racing [f]acility presently controlled by [d]efendants 'The Stronach Group' and the California Horse Racing Board a state of California governmental agency which seeks to control virtually every aspect of [p]laintiff [sic]

behavior . . . ."  Cplt ¶¶ 67-68.

The court finds that the complaint fails to allege specific facts showing that defendants engaged in conduct that was "so extreme as to exceed all bounds of that usually tolerated in a civilized community."  See Christensen, 54 Cal. at 903; see also Tekle v. United States, 511 F.3d 839, 855 (9th Cir. 2007).  Nor does the complaint allege facts describing the emotional distress that plaintiff allegedly experienced as a result of his expulsion from Golden Gate Fields.

The complaint asserts only that defendants "intended" to cause plaintiff "distress and physical harm" and did in fact cause plaintiff emotional distress, and that defendants' conduct was "outrageous" and "tyrannical."  Conclusory allegations that a plaintiff suffered severe emotional distress are insufficient to state a cognizable claim.  See Steel v. City of San Diego, 726 F.Supp.2d 1172, 1191-92 (S.D. Cal. 2010).  To state a cognizable claim, the complaint must include factual allegations describing the nature of the severe emotional distress that the plaintiff is alleged to have experienced.  See Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Washington Mutual, Inc., 2010 WL 3769459 at *6 (N.D. Cal. September 22, 2010).

5.   Class allegations

Finally, because plaintiff is proceeding in pro per, and is not an attorney, he cannot represent any other plaintiffs, including unnamed members of a proposed class.  See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (privilege to represent oneself pro se provided by 28 U.S.C. § 1654 is personal to litigant and does not extend to other parties/entities); Johns v. Cnty of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (non-attorney may appear pro se on own behalf, but has no authority to appear as an attorney for others than himself); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer does not have authority to appear as attorney for other persons in purported class action).  Accordingly, the class allegations are STRICKEN from the complaint.

D.   Motion to Compel Discovery

As noted above, plaintiff filed a motion to compel production of documents on

1  February 13, 2014, approximately two weeks after filing the complaint in this action. The
2  motion is DENIED. Absent authorization from the court, discovery in federal court is not
3  permitted until at least after the parties have conferred under Federal Rule of Civil
4  Procedure 26(f). See Fed. R. Civ. P. 26(d).

E.    Application for TRO

Plaintiff also seeks a temporary restraining order and preliminary injunction. He seeks an order restraining Golden Gate Fields from barring him from entering the racetrack facility.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008); see also Munaf v. Geren, 553 U.S. 674, 689-90 (2008).

A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter, 555 U.S. at 20. Alternatively, the plaintiff may demonstrate that the likelihood of success is such that "serious questions going to the merits were raised and that the balance of hardships tips sharply in the plaintiff's favor," so long as the other two elements of the Winter test are met. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Showing "serious questions going to the merits" requires more than establishing that "success is more likely than not," and it requires a plaintiff to demonstrate a "substantial

case for relief on the merits." Leiva–Perez v. Holder, 640 F.3d 962, 967 (9th Cir. 2011). And even where success on the merits is likely or "serious questions" are raised an injunction "is not a remedy which issues as of course." Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982).

Here, plaintiff has not argued that he is entitled to a TRO under the applicable standard, and in particular, has not established a likelihood of success on the merits of his claims. Accordingly, the application for the TRO and preliminary injunction is DENIED.

## CONCLUSION

In accordance with the foregoing, defendant California Horse Racing Board is DISMISSED from the case, with prejudice. The first, second, and third causes of action are DISMISSED as to the remaining defendants, with leave to amend to allege facts showing that the defendants are state actors, and to allege facts showing each defendant's involvement in the alleged constitutional violations. The fourth cause of action is DISMISSED, with leave to amend to allege facts showing that each defendant engaged in conduct that was so extreme as to exceed all bounds of that usually tolerated in a civilized community, and to allege facts describing the nature of the severe emotional distress that plaintiff allegedly experience as a result of the expulsion from Golden Gate Fields. Finally, the class allegations are STRICKEN from the complaint.

Any amended complaint must be filed no later than March 21, 2014. Plaintiff may add no new parties and no new claims without leave of court.

The TRO application and the motion to compel production of documents are DENIED.

**IT IS SO ORDERED.**

Dated: February 19, 2014

PHYLLIS J. HAMILTON
United States District Judge