UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TYRONE T. TAYLOR,

    Plaintiff,

    v.

GOLDEN GATE FIELDS, et al.,

    Defendants.
_____/

No. C 14-0411 PJH

**ORDER OF DISMISSAL**

Pro se plaintiff Tyrone T. Taylor filed this action on January 28, 2014 as a proposed class action, against defendants Golden Gate Fields, The Stronach Group (which owns and operates the Golden Gate Fields racetrack), Mike Rogers (an employee of The Stronach Group), and the California Horse Racing Board ("CHRB"), asserting three claims of constitutional violations under 42 U.S.C. § 1983[1] against the California Horse Racing Board, and possibly against the other three defendants, and asserting a state-law cause of action for intentional infliction of emotional distress against all defendants. Also on January

---

[1] Plaintiff asserted First, Fourth, and Fifth Amendment violations under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) (although he also described the case as "a civil action under 42 U.S.C. § 1983"). In the order dismissing the complaint, the court noted that Bivens actions can be brought only against federal employees sued in their individual capacities, see, e.g., Correct. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001), and that constitutional claims against state actors must be brought under 42 U.S.C. § 1983, see, e.g., Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). The court also noted that the Fifth Amendment's due process clause applies only to the federal government, and indicated that it would interpret the due process claim as one brought under the Fourteenth Amendment.

28, 2014, plaintiff filed an application to proceed in forma pauperis ("IFP").

On February 19, 2014, the court issued an order dismissing the complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim. The CHRB was dismissed with prejudice based on Eleventh Amendment immunity, and the class allegations were stricken (based on plaintiff's pro se status). The remainder of the complaint was dismissed with leave to amend. Plaintiff filed the first amended complaint ("FAC") on March 20, 2014.

Also on March 20, 2014, plaintiff filed notices of appeal of the court's orders denying plaintiff's motion to recuse the undersigned district judge, denying plaintiff's application for a temporary restraining order ("TRO") and order to show cause re preliminary injunction, denying plaintiff's motion to compel discovery responses, and dismissing the complaint with leave to amend. On April 4, 2014, the Ninth Circuit issued an order finding that the only ruling that was appealable at that time was the order denying preliminary injunctive relief. On May 15, 2014, the Ninth Circuit issued an order affirming the district court's denial of preliminary injunctive relief. The mandate issued on June 11, 2014.

The court now reviews the FAC pursuant to 28 U.S.C. § 1915.

**DISCUSSION**

A.  Legal Standard

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). When a complaint is filed IFP, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against defendants who are immune from suit. 28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

A complaint is frivolous for purposes of § 1915(e)(2) if it lacks any arguable basis in fact or in law. Neitzke v. Williams, 490 U.S. 319, 328-30 (1989). A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).

Thus, a court may dismiss as frivolous complaints that recite bare legal conclusions without any supporting facts. Franklin, 745 F.2d at 1228; see also Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 ( 9th Cir.1987). The term "frivolous" embraces "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325; McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing a complaint for frivolity, a trial court may "pierce the veil" of the allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. In so doing, the assessment of the factual allegations must be weighted in plaintiff's favor. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

B. The First Amended Complaint

The underlying facts are as set forth in the February 19, 2014 order dismissing the original complaint. Briefly, plaintiff, a long-time patron of the Golden Gate Fields racetrack, alleges that he entered the racetrack on December 28, 2013 using a "Trainer's Card," which entitled him to free admission. Because he had not paid to enter, the racetrack employee at the gate refused to provide him with a free program. Following a heated discussion regarding his entitlement to a program, racetrack security personnel were summoned, and plaintiff was eventually ejected from the facility based on the volume of his voice and his use of offensive language.

Plaintiff filed the original complaint on January 28, 2014, alleging violation of his right to due process, his right to freedom of speech, and his right to be free from unreasonable search and seizure, under the U.S. Constitution, and also alleging a state-law claim of intentional infliction of emotional distress. In the prayer for relief, plaintiff requested

compensatory and punitive damages "in excess of $20 million U.S. dollars," plus declaratory and injunctive relief.

In the FAC, plaintiff alleges the same four causes of action as in the original complaint. Having carefully reviewed the FAC, the court finds that the constitutional claims must be DISMISSED for failure to state a claim. To state a claim under § 1983, a plaintiff must allege two essential elements – that a right secured by the Constitution or laws of the United States was violated; and that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); see also Marsh v. County of San Diego, 680 F.3d 1148, 1152 (9th Cir. 2012).

In the previous order, the court dismissed the three constitutional claims based on plaintiff's failure to plead facts showing that the alleged violations were committed by defendants acting under color of state law, and to plead facts showing that specific actions by a specific defendant caused any constitutional violation.

In particular, the court explained that a person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." February 19, 2014, Order at 6 (quoting West, 487 U.S. at 49 (citation and quotation omitted)).

The court emphasized there is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). The court noted that a private individual – such as the defendants here – generally does not act under color of state law, Gomez v. Toledo, 446 U.S. 635, 640 (1980), and purely private conduct, no matter how wrongful, is not covered under § 1983, Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974).

The court added that action taken by private individuals or organizations may be under color of state law if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself," Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295-96 (2001). The court found, however, that in the complaint at issue, plaintiff had

4

alleged no facts sufficient to show that Golden Gate Fields, Mike Rogers, or The Stronach Group is a state actor.

Plaintiff has not remedied these deficiencies in the FAC. Plaintiff alleges that Golden Gate Fields – which he concedes is privately owned by the Stronach Group – operates under the supervision, license, and regulatory authority of the State of California and the CHRB. He suggests that this connection between Golden Gate Fields and the CHRB is sufficient to transform defendants into state actors for purposes of stating a claim under § 1983.

The court addressed plaintiff's "state actor" theory in the previous order:

> Golden Gate Fields is a racing facility owned and operated by The Stronach Group, which, according to its website, is a private company based in Canada, and owns and operates a number of horse racing, breeding, and training facilities in the United States and Canada. Mike Rogers is the President of The Stronach Group's Racing Division.
>
> The sole connection alleged in the complaint between Golden Gate Fields and any governmental entity is the fact that the CHRB "authorizes and licenses" Golden Gate Fields to operate as a racing facility under California law. Cplt ¶ 7. However, the mere fact that a facility or individual must be licensed by the State of California is not sufficient to establish that such facility or individual is a state actor. See Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 175-78 (1972) (a state's alcohol licensing and regulatory scheme did not transform a private club with a liquor license into a state actor); Simmons v. Sacramento County Sup. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (attorney does not become state actor simply by virtue of fact he/she is licensed to practice law in the state).

In amending the complaint, plaintiff has stated no facts showing that there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." See Brentwood Acad., 531 U.S. at 295-96; Villegas v. Gilroy Garlic Ass'n Festival, 541 F.3d 950, 955 (9th Cir. 2008). He has alleged no facts showing that defendants were "endowed by the State with powers or functions governmental in nature," Evans v. Newton, 382 U.S. 296, 299 (1966); or that defendants exercised "powers traditionally exclusively reserved to the State," Schowengerdt v. General Dynamics Corp., 823 F.2d 1328, 1339 n.17 (9th Cir.1987). Nor has he alleged facts showing that defendants were "jointly engaged with state officials in the prohibited action." See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 941 (1982). In short, plaintiff has

alleged no facts sufficient to show that Golden Gate Fields, Mike Rogers, or The Stronach Group is a state actor, and the court therefore finds that the § 1983 claims must be dismissed for failure to state a claim.

**CONCLUSION**

In accordance with the foregoing, the court finds that the § 1983 claims of constitutional violations must be dismissed. Because plaintiff was previously given an opportunity to amend these claims and was provided with instructions as to how to do so, but failed to remedy the deficiencies, the dismissal of the § 1983 claims is WITH PREJUDICE.

Having dismissed the federal causes of action, the court declines to exercise jurisdiction over the remaining state law claim for intentional infliction of emotional distress and finds that it must be dismissed pursuant to 28 U.S.C. § 1367(c), to "best accommodate the values of economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988).

The dismissal of the intentional infliction of emotional distress claim is without prejudice to re-asserting it in a complaint filed in state court, at which time plaintiff will also be free to bring additional state law claims against the CHRB, which as an agency of the State of California is not subject to suit in federal court under the Eleventh Amendment.

**IT IS SO ORDERED.**

Dated: June 12, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge